UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS,<br>          *Plaintiff*,<br><br>v.<br><br>THE UNITED STATES MILITARY ACADEMY AT WEST POINT; THE UNITED STATES DEPARTMENT OF DEFENSE; LLOYD AUSTIN, in his official capacity as Secretary of Defense; CHRISTINE WORMUTH, in her official capacity as Secretary of the Army; LIEUTENANT GENERAL STEVEN GILLAND, in his official capacity as Superintendent of the United States Military Academy; and LIEUTENANT COLONEL RANCE LEE, in his official capacity as Director of Admissions for the United States Military Academy at West Point,<br>          *Defendants*. | No. _____ |

## DECLARATION OF EDWARD BLUM

1. I am over the age of 18, of sound mind, and otherwise competent to sign this declaration.

2. I am the President of Students for Fair Admissions, Inc.. SFFA is an Internal Revenue Code Section 501(c)(3), voluntary membership organization. SFFA was formed for the purpose of defending human and civil rights secured by law—including the individual right to equal protection under the law—through litigation and other lawful means. More specifically, SFFA promotes and protects the right of the public to be free from discrimination on the basis of race in higher-education admissions.

3. SFFA is a nonprofit membership group of more than 20,000 students, parents, and others who believe that racial classifications and preferences in college admissions, including the

academies, are unfair, unnecessary, and unconstitutional. SFFA has members in New York and throughout the country.

4. SFFA has members, including Member A, who are ready and able to apply to the United States Military Academy but cannot compete for admission on equal footing because of the Academy's race-based admissions program.

5. Through SFFA, I know Member A. I have learned his background and discussed his plans and intentions. Member A voluntarily joined SFFA, supports its mission, receives updates about the status of the case from me, and has the opportunity to give input and direction on this case.

6. Member A would be unwilling to litigate this lawsuit absent anonymity protections.

7. Throughout my career, I have witnessed firsthand the retaliation that individuals can receive for bringing litigation challenging racial preferences. For example, I supported Abigail Fisher in her challenge to affirmative action in *Fisher v. Univ. of Texas at Austin* ("*Fisher I*"), 570 U.S. 297 (2013), and *Fisher v. Univ. of Texas at Austin* ("*Fisher II*"), 579 U.S. 365 (2016). Ms. Fisher "endured consistent harassment since 2008" as "a direct result of [her] involvement in that case." *SFFA v. Harvard Coll.*, No. 1:14-cv-14176 (D. Mass. Apr. 29, 2016), ECF 150-4 ¶3. She experienced "threats" and "insults" from across the country, and she suffered professionally. *See id.* ¶¶5, 9-10. Ms. Fisher explained that these experiences "often led [her] to second-guess [her] involvement in the case and as an advocate against unlawful affirmative action policies." *Id.* ¶11.

8. Based on these experiences (and many others), I believe Member A would face the same type of insults, threats, and harassment absent anonymity protections.

9. Per 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2023

_____
Edward Blum
President of Students for Fair Admissions