U.S. Department of Justice

> Application granted. The time for defendants to answer the complaint is extended pending a decision on the motion for a preliminary injunction.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> November 2, 2023

**By ECF**
The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:  *Students for Fair Admissions v. United States Military Academy at West Point, et al.*, No. 23 Civ. 8262 (PMH)

Dear Judge Halpern:

Defendants the United States Military Academy at West Point ("West Point"); the United States Department of Defense; Lloyd Austin, Secretary of Defense; Christine Wormuth, Secretary of the Army; Lieutenant General Steven Gilland, Superintendent of West Point; and Lieutenant Colonel Rance Lee, Director of Admissions for West Point (together, "Defendants" or the "Government"), write respectfully to respond to the Court's direction, given at the telephone status conference held on October 24, 2023, that they outline their position as to why the Court should stay their deadline to respond to the Complaint pending a decision on the preliminary injunction motion filed by plaintiff Students for Fair Admissions ("SFFA").

Defendants respectfully submit that the Court should stay their deadline to respond to the Complaint pending a decision on SFFA's preliminary injunction motion because the Court is permitted to do so; the preliminary injunction briefing will present the Government's position in this matter in more detail than would be provided in an answer; and SFFA has consented to the entry of such a stay. Rule 65 does not require an answer before preliminary injunction motions may be made or decided. *See* Fed. R. Civ. P. 65. As the Fifth Circuit has explained, requiring an answer prior to the consideration of a preliminary injunction motion would "overlook[] the nature of a temporary injunction, which is a writ of the trial court . . . issued to protect the rights of any person moving for it upon his making a showing that he is entitled to it." *United States v. Lynd*, 301 F.2d 818, 823 (5th Cir. 1962) (rejecting the defendant's argument that it would be inappropriate for the court to grant a temporary injunction prior to the defendant filing its answer). While a defendant may "make such counter showing as it deems wise or necessary to meet such proof as is produced by the moving party," it need not file its answer before a court considers the evidence offered by the parties and decides, on the basis of that evidence, whether the moving party is entitled to the preliminary injunction it seeks. *Id.* Indeed, "[t]he grant of a temporary injunction need not await any procedural steps perfecting the pleadings or any other formality attendant upon a full-blown trial of th[e] case." Procedure on an Application for a Preliminary Injunction, 11A Fed. Prac. & Proc. Civ. § 2949 (3d ed.) (quoting *Lynd*, 301 F.2d at 823).

For these reasons, several courts in this Circuit have considered and decided preliminary injunction motions at early stages of litigation, including before the filing of an answer. *See, e.g.*,

*Studebaker Corp. v. Gittlin*, 360 F.2d 692, 694 (2d Cir. 1966) (noting that an order to show cause was filed prior to appellee's filing of the complaint and an injunction was granted only one day after the complaint was filed); *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 916 F. Supp. 2d 501, 504 (S.D.N.Y. 2013) (noting that the motion for a preliminary injunction was denied prior to the filing of an answer), *vacated and remanded on other grounds*, 775 F.3d 128 (2d Cir. 2014); *see also Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 313 (1999) (noting that petitioners filed an answer in the district court while their appeal of the preliminary injunction entered was pending in the Second Circuit).

In addition, to the extent the Court seeks to understand the Government's position in this matter forthwith, the Government's opposition to the preliminary injunction motion will be filed on November 17, 2023, before the Government's answer, which is currently due by November 24, 2023. And the Government's opposition to the preliminary injunction motion will contain far more detail than would likely be contained in an answer.

Finally, SFFA has also explicitly agreed to staying Defendants' deadline to respond to the Complaint pending decision on its preliminary injunction motion, including any appeals. Accordingly, the Government respectfully requests that the Court grant Defendants' unopposed request and enter the requested stay.

We thank the Court for its consideration of this request.

        Respectfully,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By:    */s/ Alyssa B. O'Gallagher*
       ALYSSA B. O'GALLAGHER
       ELLEN BLAIN
       Assistant United States Attorneys
       Tel.: (212) 637-2822/2743
       Email: Alyssa.O'Gallagher@usdoj.gov
              Ellen.Blain@usdoj.gov