UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STUDENTS FOR FAIR ADMISSIONS,

                        Plaintiff,

-against-

THE UNITED STATES MILITARY ACADEMY
AT WEST POINT, et al.,

                        Defendants.

**ORDER**

23-CV-08262 (PMH)

PHILIP M. HALPERN, United States District Judge:

      A document proffered by *pro se* non-party Robert Wooten entitled "Petition to File an Amicus Brief in Opposition to Plaintiff" was docketed in this matter on October 19, 2023. (Doc. 29). Following a conference, in accordance with the Court's directives, the parties wrote a joint letter to the Court in which they advised that they do not oppose the petition. (Doc. 36). Plaintiff points out, however, that this brief in particular appeared "unlikely to aid the Court, as it largely maligns the 'so-called Supreme Court,' questions the existence of judicial review, and does not grapple with the governing caselaw." (*Id*. at 1).

      "It is well-established that a district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case." *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011) (citing *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992)). Among the Court's considerations are whether the proposed amici provide a point of view that is not available to the Court from the parties to the action. *See S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03-CV-02937, 2003 WL 22000340, at *5-6 (S.D.N.Y. Aug. 25, 2003); *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994); *Ahmed*, 788 F. Supp. at 198 n.1. The Court also considers whether the proposed amici are seeking to assist the Court in clarifying issues "as an objective,

neutral, dispassionate 'friend of the court.'" *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991).

Mr. Wooten, "[r]ather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues," appears to "ha[ve] come as an advocate for one side." *Id*. Indeed, it would appear that Mr. Wooten seeks simply to oppose Plaintiff's claims, rather than come as a "friend of the court." *See Hartford Fire Ins. Co. v. Expeditors Int'l of Washington, Inc.*, No. 10-CV-05643, 2012 WL 6200958, at *1 (S.D.N.Y. Dec. 11, 2012). Mr. Wooten appears to have his own particular interests in the outcome of this litigation, and "[c]onferring *amicus* status on such partisan interests is inappropriate." *S.E.C.*, 2003 WL 22000340, at *6. Moreover, the proposed briefing would not clarify issues or aid in the Court's determination of this matter. *Ahmed*, 788 F. Supp. at 198 n.1.

Granting formal *amici* status to Mr. Wooten would do nothing to aid this Court's evaluation of the issues in the action. Accordingly, the motion for leave to file an amicus brief (Doc. 29) is denied.

The Clerk of Court is respectfully requested to terminate the pending motion and mail a copy of this order to Mr. Wooten at the address noted by him in his motion (Doc. 29): Robert Wooten, 2478 Van Buskirk St., Stockton, CA 95206.

SO ORDERED.

Dated:   White Plains, New York
         November 3, 2023

_____
PHILIP M. HALPERN
United States District Judge