*VIA ECF*

November 29, 2023

Honorable Philip M. Halpern
United States District Court
Southern District of New York
Hon. Charles Brieant Jr. Courthouse
300 Quarropas St.
White Plains, New York 10601-4150

Re: *Students for Fair Admissions v. United States Military Academy at West Point et al.*, No. 7:23-cv-08262

Dear Judge Halpern:

    The National Association of Black Military Women ("NABMW"), the American Civil Liberties Union ("ACLU"), the New York Civil Liberties Union ("NYCLU"), and the NAACP Legal Defense Fund ("LDF") through their undersigned counsel, respectfully move through this letter for leave to submit an amicus curiae brief in support of the Defendants with respect to the Plaintiff's motion for preliminary injunction.[1]  ECF No. 31.  The Parties do not object to the filing of this amicus brief.

    Given that there is no applicable rule of civil procedure governing amicus curiae briefs, "[d]istrict courts have broad discretion to permit or deny an appearance as amicus curiae in a case." *In GLG Life Tech Corp. Securities Litigation*, 287 F.R.D. 262, 265 (S.D.N.Y. Nov. 9, 2012) (internal quotation marks omitted).  "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 CIV. 6746 RJH, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).  "An amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court." *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007).  District courts "are not bound by Rule 29 [of the Federal Rules of Appellate Procedure], but sometimes look to it for guidance when reviewing a request to file an amicus brief."[2] *Id.* at *1, n.1.

---

[1] No party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting this brief; and no person other than the amicus curiae or its counsel contributed money that was intended to fund preparing or submitting this brief. The NABMW, ACLU, NYCLU, and LDF are each nonprofit organizations with no parent corporation and in which no person or entity owns stock.

[2] Under Rule 29, amicus briefs in support of neither party must be filed within 7 days of the principal brief's filing. Here, the applicable principal brief is Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, which was filed on November 22. ECF 47.

1

The proposed amicus brief will aid the court and provide additional insights not available from the parties. First, amici have an important interest in the outcome of this case. NABMW's mission is to give voice to Black military women and to share their stories as examples for future service members where their histories and talents are too often unrecognized. NABMW has an interest in the success of women of color in the military. Its members know first-hand the challenges of serving in the military as a Black woman. It recognizes that West Point's consideration of race within its admissions practices is an essential component of ensuring equal opportunity within the military. The ACLU, NYCLU, and LDF are each civil rights and civil liberties organization with a long history of experience in litigating issues of equal educational opportunity for students.

Second, the proposed amicus would be helpful to the Court because it will provide the Court with the viewpoints and perspectives of service members of color. It will offer the Court a fuller understanding of the many ways in which diversity amongst leaders developed through the military academies is important to the equal treatment of military service members of color. It will provide the Court with a deeper understanding of how discrimination and inequality persist within the military and necessitate continued efforts to increase diversity among the officer corps and senior leadership. Amici argue this Court should deny the Plaintiffs' motion for preliminary injunction.

Accordingly, amici respectfully requests that this Court grant leave to file an amicus curiae brief in this matter, which is attached.

        Respectfully submitted,

        */s/ Sarah Hinger*
        Sarah Hinger

cc:   All counsel (via ECF)