UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STUDENTS FOR FAIR ADMISSIONS,

                             Plaintiff,

-against-

THE UNITED STATES MILITARY ACADEMY AT WEST POINT, et al.,

                             Defendants.

**ORDER**

23-CV-08262 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

On November 3, 2023, the Court denied Mr. Wooten's *pro se* application for leave to appear as *amicus curiae* in this case. (Doc. 41). By motion dated November 20, 2023, which was docketed in this matter on December 14, 2023, Mr. Wooten seeks an order vacating its prior ruling pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 63). Defendants take no position on Mr. Wooten's instant application (Doc. 65), and Plaintiff posits that there is no reason for the Court to reconsider its denial of Mr. Wooten's application for leave to appear as *amicus curiae* in this case (Doc. 67).

Federal Rule of Civil Procedure 60(b) provides six situations wherein a court may, "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Such relief is permissible where the movant establishes:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

1

Fed. R. Civ. P. 60(b)(1)-(6). A party seeking vacatur under Rule 60(b), whether proceeding *pro se* or not, "must present 'highly convincing' evidence, 'show good cause for the failure to act sooner,' and show that 'no undue hardship [would] be imposed on other parties.'" *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 40 (2d Cir. 2020) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (alteration in original)); *see also Brooks v. Doe Fund, Inc.*, No. 17-CV-03626, 2020 WL 5706451, at *3 (E.D.N.Y. Sept. 24, 2020) ("[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion.") (quoting *Spaulding v. New York City Dep't of Educ.*, 407 F. Supp. 3d 143, 149 (E.D.N.Y. 2017) (alteration in original)). "Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted).

Mr. Wooten's instant motion alleges that the Court's prior order denying his application for leave to appear as *amicus curiae* in this case is a violation of his "First Amendment right of Freedom of Speech and Petition" and denies him the ability "to bring to the table issues which White people are unwilling to acknowledge." (Doc. 63). His submissions, however, demonstrate the absence of "highly convincing" evidence of "exceptional circumstances" demonstrating his entitlement to the "extraordinary judicial relief" under Rule 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005); *see also Knight v. City of New York*, No. 19-CV-04022, 2020 WL 3961969, at *3 (S.D.N.Y. July 13, 2020) (denying Rule 60(b)(6) motion where plaintiff failed to demonstrate "extraordinary circumstances").

For the same reasons previously explained in the Court's prior order, granting formal *amici* status to Mr. Wooten would do nothing to aid this Court's evaluation of the issues in the action, and his proposed brief does not assist the Court in clarifying issues "as an objective, neutral,

2

dispassionate 'friend of the court.'" *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991). (*See* Doc. 41). Accordingly, the motion is DENIED.

The Clerk of Court is respectfully requested to terminate the pending motion and mail a copy of this order to Mr. Wooten at the address noted by him in his motion (Doc. 63): Robert Wooten, 2478 Van Buskirk St., Stockton, CA 95206.

SO ORDERED.

Dated:  White Plains, New York
        December 19, 2023

_____
PHILIP M. HALPERN
United States District Judge