

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

December 20, 2023

**By ECF**
The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *Students for Fair Admissions v. United States Military Academy at West Point*, No. 23 Civ. 8262 (PMH)

Dear Judge Halpern:

The District of Maryland's decision helps SFFA in part, does not help the government much, and is wrong on the bottom line. Consider each of the core issues.

**Standing**: The court squarely rejected the government's challenges to SFFA's standing. That challenge to the anonymity of SFFA's members, "which significantly overreads the Supreme Court's decision in *Summers*," does "not have merit." Op.21. "[W]hether a person will be denied the opportunity to compete for admission at the Naval Academy on an equal basis does not depend on his or her name." Op.21.

**PI Standard**: The court does not clearly embrace the government's argument that SFFA seeks a mandatory injunction. Though it said SFFA's injunction would "alter the status quo," no higher standard applies in this circuit unless the injunction would *also* mandate positive action. *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025-26 (2d Cir. 1985); *see also Hulinsky v. Cnty. of Westchester*, 2023 WL 3052267, at *3 (S.D.N.Y. Apr. 24) (Halpern, J.) ("A mandatory injunction, in contrast, is said to alter the status quo *by commanding some positive act*." (emphasis added)). SFFA's injunction, as West Point seems to agree, is wholly negative because it would simply "prohibi[t]" West Point "from using race." Opp.1.

**Other PI Factors**: The court's analysis of the other preliminary-injunction factors does not help the government. The court did not say that, *even if* SFFA were likely to succeed on the merits, the court would have denied a preliminary injunction. It stressed, for every factor, that its analysis assumed SFFA was not likely to succeed. *See* Op.34 (irreparable harm: "because it is unclear whether Plaintiff is likely to succeed on the merits"); Op.35 (balance of equities: "SFFA has not clearly demonstrated a likelihood of success on the merits"); Op.35 (public interest: "[s]erious issues remain in the wake of the Supreme Court's opinion in *Harvard*"). And the court did not accept the government's argument that SFFA unduly delayed.

**Merits**: In the main, the court denied a preliminary injunction because it wanted a more developed "factual record," *e.g.*, Op.26, 28, 33, and perhaps because the Naval Academy was owed "deference," *e.g.*, Op.26-27. Respectfully, the court abused its discretion.

To start, the point of a preliminary injunction is that because the movant faces imminent irreparable harm—here, unconstitutional racial discrimination in early 2024—courts must *predict*

December 20, 2023
Page 2

based on the *existing* record who will win. *See* Reply 2. The Maryland court largely refused to predict: It simply observed that the military might be different and then never explained whether or how those differences would make the academies *survive strict scrutiny*. *See* Op.31-32. And if the court needed more information, those omissions should have made SFFA likely to prevail, since the government is the one who bears the burden under strict scrutiny. *See* Reply 21. And SFFA's arguments both there and here are mostly pure questions of law that accept the academies' own descriptions of how they use race.

In any event, there are substantial differences between this record and that one. West Point's own evidence confirms that race is a positive for some groups and thus necessarily a negative for others. *See* McDonald Decl. ¶80 & Ex. B. West Point has made clear that there is no end point and that it will constantly adjust its racial preferences based on the admission rate. ¶96. And West Point has quantified the effect of its racial classifications, *see* ¶93—an effect so miniscule that, accepting it as true, could not support the negative effects inherent in judging Americans based on skin color. *See* Reply 16.

As for deference, any deference that the Maryland court gave to Navy is unwarranted. As SFFA has detailed, courts do not defer to the military when it deploys racial classifications. *See* Reply 7-10. Indeed, *Harvard* itself notes the sad history of its failure to properly apply strict scrutiny to the military in *Korematsu*. *See* 600 U.S. 181, 207 n.3 (2023). And, of course, *Harvard* gave no deference to the government's assertion that overruling race-based admissions at civilian universities would undermine the diversity of its officers from ROTC—officers who far outnumber the ones coming out of West Point.

This Court should enter a preliminary injunction against West Point at tomorrow's hearing.

Respectfully submitted,

*/s/ Thomas R. McCarthy*
Counsel for Students for Fair Admissions
tom@consovoymccarthy.com