

> Application granted in part and denied in part. To the extent Plaintiff requests that the Court construe its letter-motion as the motion itself and resolve it today, that request is granted. Plaintiff's request for an injunction pending appeal, however, is denied for the reasons the Court denied the motion for a preliminary injunction.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> January 4, 2024

**By ECF**
The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   *SFFA v. U.S. Military Academy at West Point*, No. 23 Civ. 8262 –
      <u>Emergency</u> Motion for Injunction Pending Appeal

Dear Judge Halpern:

SFFA appreciates this Court's expeditious ruling on its motion for a preliminary injunction. SFFA has since noticed an appeal, and it will ask the Second Circuit to issue an injunction pending appeal barring West Point from considering race. That motion will explain why SFFA will likely succeed, faces irreparable harm, and wins the balance of equities and public interest. *See* Doc. 31; Doc. 60. It will argue that this Court erred because preliminary injunctions are necessarily decided on incomplete records, *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 85 n.10 (1981); *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981), and because SFFA will likely prevail even if this Court credits West Point's interests and accepts its facts as true. Before seeking that relief, however, SFFA "ordinarily" must "first" seek it "in the district court." Fed. R. App. P. 8(a).

SFFA asks this Court to treat this letter "as the motion itself," *Individual Practices* 2(C), and to resolve that request for an injunction pending appeal today, without waiting for the government's opposition. That expedited course is proper for two main reasons.

First, SFFA's motion for an injunction pending appeal will largely repeat the arguments in its motion for a preliminary injunction—the same arguments that this Court rejected yesterday. Because the "standard" for both motions is the same, *Agudath Israel of Am. v. Hochul*, 2023 WL 2637344, at *2 (2d Cir. Mar. 27), it is "highly unlikely" that a court that just "denied a motion for a preliminary injunction" would "then grant that same injunction pending appeal of the denial," *Columbus Ale House, Inc. v. Cuomo*, 2020 WL 6507326, at *1 (E.D.N.Y. Nov. 5). More briefing on the same issues would serve little purpose.

Second, time is short. SFFA will ask the Second Circuit—and, if necessary, the Supreme Court—for emergency relief before West Point's application deadline on January 31. A quick ruling from this Court will give those courts more time to consider the issues.

SFFA has conferred with Defendants. They oppose an injunction pending appeal.

Respectfully submitted,

*Thomas R. McCarthy*

Thomas R. McCarthy
Counsel for Students for Fair Admissions
tom@consovoymccarthy.com