DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:   ELLEN BLAIN
      ALYSSA B. O'GALLAGHER
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2843/22
Email: ellen.blain@usdoj.gov
       alyssa.o'gallagher@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES MILITARY ACADEMY AT WEST POINT; CHRISTINE WORMUTH, in her official capacity as Secretary of the Army; LIEUTENANT GENERAL STEVEN GILLAND, in his official capacity as Superintendent of the United States Military Academy; and LIEUTENANT COLONEL RANCE LEE, in his official capacity as Director of Admissions for the United States Military Academy at West Point,<br><br>Defendants. | No. 23 Civ. 8262 (PMH)<br><br>**ANSWER** |

Defendants the United States Military Academy at West Point ("West Point"); Christine

Wormuth, in her official capacity as Secretary of the Army; Lieutenant General Steven Gilland, in

his official capacity as Superintendent of West Point; and Lieutenant Colonel Rance Lee, in his

official capacity as Director of Admissions for West Point (together, "Defendants" or the

"Government"), by their attorney, Damian Williams, United States Attorney for the Southern

District of New York, hereby answer the Amended Complaint of Plaintiff Students for Fair Admissions ("Plaintiff" or "SFFA") as follows:

## INTRODUCTION[1]

1. The first sentence of Paragraph 1 of the Amended Complaint consists of Plaintiff's characterization of West Point, to which no response is required. To the extent a response is required, admit that West Point is the Army's premier leader development institution. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2. Deny the first sentence of Paragraph 2 of the Amended Complaint. The remainder of Paragraph 2 of the Amended Complaint consists of Plaintiff's legal opinions and conclusions, to which no response is required.

3. The allegation in Paragraph 3 of the Amended Complaint that West Point discriminates based on race consists of Plaintiff's legal opinion and conclusion, to which no response is required. To the extent a response is required, deny. The remainder of Paragraph 3 of the Amended Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief, or to any relief.

## PARTIES

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

---

[1] Headers are reproduced from the Amended Complaint for convenience and do not constitute an admission of any of the contents therein.

5.      Defendants admit that West Point is a military service academy established under federal law and operating under the immediate supervision and control of the Department of the Army and Department of Defense.  Defendants aver that West Point, its leadership, and other Army officials are responsible for creating and executing West Point's admissions policies for prospective cadets, including the policies Plaintiff challenges here.

6.      Defendants admit that Defendant Christine Wormuth is the Secretary of the Army, oversees all Army operations and policies, and is sued in her official capacity.  Defendants deny the remaining allegations contained in Paragraph 6 of the Amended Complaint.

7.      Defendants admit that Defendant Lieutenant General Steven Gilland is Superintendent of West Point and is sued in his official capacity.  Defendants deny the remaining allegations contained in Paragraph 7 of the Amended Complaint.

8.      Defendants admit that Defendant Lieutenant Colonel Rance Lee is sued in his official capacity.  Defendants deny the remaining allegations contained in Paragraph 8 of the Amended Complaint and aver that Defendant Lieutenant Colonel Rance Lee is performing the duties of the Director of Admissions at West Point.

## JURISDICTION AND VENUE

9.      Paragraph 9 of the Amended Complaint consists of Plaintiff's legal opinions and conclusions, to which no response is required.

10.      Paragraph 10 of the Amended Complaint consists of Plaintiff's legal opinions and conclusions, to which no response is required.

11.      Paragraph 11 of the Amended Complaint consists of Plaintiff's legal opinions and conclusions, to which no response is required.

# BACKGROUND

## I. West Point's Admissions Process

12.     Defendants admit that appointment to West Point is highly selective, deny the remaining allegations contained in Paragraph 12 of the Amended Complaint, and aver that fewer than ten percent of applicants who complete a candidate questionnaire are offered appointment.

13.     The first sentence of Paragraph 13 of the Amended Complaint appears to consist of Plaintiff's characterization of 10 U.S.C. § 7442, a federal statute, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in the first sentence of Paragraph 13 of the Amended Complaint are inconsistent with 10 U.S.C. § 7442, Defendants deny them.  Defendants admit the remaining allegations contained in Paragraph 13 of the Amended Complaint.

### A. Applications

14.     Admit.

15.     Defendants deny the allegations contained in the first sentence of Paragraph 15 of the Amended Complaint and aver that West Point's statutory and regulatory eligibility criteria include having U.S. citizenship, being at least 17 but under 23 years old on July 1 of the calendar year in which the candidate enters West Point, and being without the legal responsibility for dependents.  Defendants admit the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16.     The first sentence of Paragraph 16 of the Amended Complaint consists of Plaintiff's characterization of the Second Step Kit, to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to whether the Second Step Kit is similar to a standard college application.  Defendants admit the remaining allegations contained in Paragraph 16 of the Amended Complaint.

17.    Admit that in prior years, a candidate's race or ethnicity could also potentially play a role in whether the Admissions Office opened a Second Step Kit for a candidate and aver that a candidate's race or ethnicity cannot play such a role any longer.

18.    Admit.

19.    Admit the allegations contained in Paragraph 19 of the Amended Complaint, and aver that West Point can grant certain variances.

20.    Defendants admit that the Admissions Office assigns each candidate a numerical score, known as a "Whole Candidate Score," and deny the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.    The first sentence of Paragraph 21 of the Amended Complaint appears to consist of Plaintiff's characterization of Annex A to the "Academic Board Directive for the Admissions Committee, Academic Years 2021-2022 and 2022-2023," Dkt. No. 53-1 at 18-21, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in the first sentence of Paragraph 21 of the Amended Complaint are inconsistent with Annex A, Defendants deny them.  Defendants admit that a candidate's College Entrance Examination Rank is designed to predict his or her academic performance at West Point.

22.    Paragraph 22 of the Amended Complaint appears to consist of Plaintiff's characterization of Annex A to the "Academic Board Directive for the Admissions Committee, Academic Years 2021-2022 and 2022-2023," Dkt. No. 53-1 at 18-21, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 22 of the Amended Complaint are inconsistent with Annex A, Defendants deny them.

23.     Paragraph 23 of the Amended Complaint appears to consist of Plaintiff's characterization of Annex A to the "Academic Board Directive for the Admissions Committee, Academic Years 2021-2022 and 2022-2023," Dkt. No. 53-1 at 18-21, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 23 of the Amended Complaint are inconsistent with Annex A, Defendants deny them.

24.     Deny, except admit that a candidate must be medically qualified—or receive a medical waiver—to be fully qualified for admission.

25.     Paragraph 25 of the Amended Complaint appears to consist of Plaintiff's characterization of the "Academic Board Directive for the Admissions Committee, Academic Years 2021-2022 and 2022-2023," Dkt. No. 53-1, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 25 of the Amended Complaint are inconsistent with the "Academic Board Directive for the Admissions Committee, Academic Years 2021-2022 and 2022-2023," Defendants deny them.

26.     Defendants deny the allegations contained in the first sentence of Paragraph 26 of the Amended Complaint and admit the allegations contained in the second sentence of Paragraph 26 of the Amended Complaint.

27.     Deny and aver that after the Admissions Office calculates a Whole Candidate Score, the Admissions Committee can adjust it up or down 10% based on the factors outlined in the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53 ¶ 56, and in the "Academic Board Directive for the Admissions Committee, Academic Years 2021-2022 and 2022-2023," Dkt. No. 53-1 at 6, to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.

## B. Nominations

28.     Admit the first sentence of Paragraph 28 of the Amended Complaint.  The second sentence of Paragraph 28 of the Amended Complaint appears to consist of Plaintiff's characterization of 10 U.S.C. § 7442, a federal statute, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in the first and second sentences of Paragraph 28 of the Amended Complaint are inconsistent with 10 U.S.C. § 7442, Defendants deny them.  Defendants deny the remaining allegations contained in Paragraph 28 of the Amended Complaint and aver that nominations from Members of Congress, the Vice President, Delegates to Congress, and the Governor and Resident Commissioner of Puerto Rico make up 75% of West Point's cadet corps.

29.     Paragraph 29 of the Amended Complaint appears to consist of Plaintiff's characterization of 10 U.S.C. § 7442, a federal statute, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 29 of the Amended Complaint are inconsistent with 10 U.S.C. § 7442, Defendants deny them.

30.     The first and second sentences of Paragraph 30 of the Amended Complaint appear to consist of Plaintiff's characterization of 10 U.S.C. § 7442, a federal statute, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in the first and second sentences of Paragraph 30 of the Amended Complaint are inconsistent with 10 U.S.C. § 7442, Defendants deny them.  Defendants admit the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31.     The first sentence of Paragraph 31 of the Amended Complaint appears to consist of Plaintiff's characterization of 10 U.S.C. § 7442, a federal statute, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations

contained in the first sentence of Paragraph 31 of the Amended Complaint are inconsistent with 10 U.S.C. § 7442, Defendants deny them. The remaining allegations contained in Paragraph 31 of the Amended Complaint appear to consist of Plaintiff's characterization of Paragraphs 34 and 37 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. To the extent the remaining allegations contained in Paragraph 31 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.

32.     Paragraph 32 of the Amended Complaint appears to consist of Plaintiff's characterization of Paragraphs 35 and 36 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 32 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.

33.     Paragraph 33 of the Amended Complaint appears to consist of Plaintiff's characterization of Paragraph 32 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 33 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.

34.     Defendants admit the allegations contained in the first sentence of Paragraph 34 of the Amended Complaint. Defendants deny the remaining allegations contained in Paragraph 34 of the Amended Complaint and aver that the Vice President has five West Point vacancies, typically one vacancy opens per year that he or she will nominate to fill, and Vice Presidential nominees are selected for Vice Presidential vacancies in order of merit based on Whole Candidate Score.

35.     Paragraph 35 of the Amended Complaint appears to consist of Plaintiff's characterization of 10 U.S.C. § 7442, a federal statute, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 35 of the Amended Complaint are inconsistent with 10 U.S.C. § 7442, Defendants deny them.

36.     Paragraph 36 of the Amended Complaint appears to consist of Plaintiff's characterization of 10 U.S.C. § 7442, a federal statute, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 36 of the Amended Complaint are inconsistent with 10 U.S.C. § 7442, Defendants deny them.

37.     Paragraph 37 of the Amended Complaint appears to consist of Plaintiff's characterization of 10 U.S.C. § 7442, a federal statute, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 37 of the Amended Complaint are inconsistent with 10 U.S.C. § 7442, Defendants deny them.

38.     Defendants deny the allegations contained in the first sentence of Paragraph 38 of the Amended Complaint.  The remaining allegations contained in Paragraph 38 of the Amended Complaint appear to consist of Plaintiff's characterization of Paragraph 46 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the remaining allegations contained in Paragraph 38 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.

39.     Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint and aver that only *fully qualified* candidates for each type of service-connected nomination are awarded appointments in order of merit based on Whole Candidate Score.

40.     Paragraph 40 of the Amended Complaint appears to consist of Plaintiff's characterization of 10 U.S.C. § 7442, a federal statute, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 40 of the Amended Complaint are inconsistent with 10 U.S.C. § 7442, Defendants deny them.

41.     Defendants admit the allegations contained in the first and fourth sentences of Paragraph 41 of the Amended Complaint.  Defendants deny the allegations contained in the second and third sentences of Paragraph 41 of the Amended Complaint and aver that candidates can earn nominations from multiple sources and can compete for any appointment available to them given the types of nominations earned.

42.     Deny.

43.     Admit.

44.     The first sentence of Paragraph 44 of the Amended Complaint appears to consist of Plaintiff's characterization of 10 U.S.C. § 7442, a federal statute, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in the first sentence of Paragraph 44 of the Amended Complaint are inconsistent with 10 U.S.C. § 7442, Defendants deny them.  Defendants deny the allegations contained in the second and third sentences of Paragraph 44 of the Amended Complaint and admit the allegations contained in the fourth and fifth sentences of Paragraph 44 of the Amended Complaint.

II.    **West Point's Use of Race**

45.    Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint and aver that West Point sets aspirational class composition goals, including goals for African American, Hispanic, and Asian cadets, and issues an annual "Memorandum for the Directorate of Admissions," which includes these class composition goals, Dkt. No. 53-2 at 4. Defendants respectfully refer the Court to that Memorandum for a complete and accurate statement of its contents.

46.    Paragraph 46 of the Amended Complaint appears to consist of Plaintiff's characterization of Annex B to the "Academic Board Directive for the Admissions Committee, Academic Years 2021-2022 and 2022-2023," Dkt. No. 53-1 at 22, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 46 of the Amended Complaint are inconsistent with Annex B, Defendants deny them.

47.    Admit.

48.    Paragraph 48 of the Amended Complaint appears to consist of Plaintiff's characterization of Annex B to the "Academic Board Directive for the Admissions Committee, Academic Years 2021-2022 and 2022-2023," Dkt. No. 53-1 at 22, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 48 of the Amended Complaint are inconsistent with Annex B, Defendants deny them.

49.    The first three sentences of Paragraph 49 of the Amended Complaint appear to consist of Plaintiff's characterization of the "Memorandum for the Directorate of Admissions," Dkt. No. 53-2, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in the first three sentences of

Paragraph 49 of the Amended Complaint are inconsistent with that Memorandum, Defendants deny them.  Defendants admit the data contained in the chart in Paragraph 49 of the Amended Complaint.  The fourth sentence of Paragraph 49 of the Amended Complaint appears to consist of Plaintiff's characterization of that chart, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in the fourth sentence of Paragraph 49 of the Amended Complaint are inconsistent with that chart, Defendants deny them.

50.    Deny, except admit the allegations contained in the first sentence of Paragraph 50 of the Amended Complaint.

51.    Paragraph 51 of the Amended Complaint appears to consist of Plaintiff's characterization of Mike Strasser, *West Point Diversity Conference Discusses Progress, Challenges in Way Ahead*, Army.Mil, (April 16, 2010), perma.cc/B344-MTM9, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

52.    Deny.

53.    Paragraph 53 of the Amended Complaint consists of Plaintiff's characterization of this lawsuit, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.    Paragraph 54 of the Amended Complaint appears to consist of Plaintiff's characterization of Paragraph 80 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 54 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.

55.     Deny the allegations contained in the first sentence of Paragraph 55 of the Amended Complaint and admit the allegations contained in the second sentence of Paragraph 55 of the Amended Complaint.

56.     Admit.

57.     The first sentence of Paragraph 57 of the Amended Complaint appears to consist of Plaintiff's characterization of Section X of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 57 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the Amended complaint.

58.     Paragraph 58 of the Amended Complaint appears to consist of Plaintiff's characterization of Paragraphs 16, 17 & n.2, 59, 78, and 94 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 58 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.

59.     Admit.

60.     Paragraph 60 of the Amended Complaint appears to consist of Plaintiff's characterization of Paragraph 96 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 60 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.

61.    Deny.

62.    Defendants deny the allegations contained in the first clause of the first sentence of Paragraph 62 of the Amended Complaint and aver that West Point is required by 10 U.S.C. § 7442(a)(1), (b)(5) to select the candidates listed therein in order of merit.  Defendants admit that there is no obligation to select Additional Appointees or provide Superintendent nominations in order of merit and that it can and does consider candidates' race when issuing Letters of Assurance, providing appointments to Additional Appointees, and providing Superintendent nominations. Defendants deny the remaining allegations contained in Paragraph 62 of the Amended Complaint.

63.    Paragraph 63 of the Amended Complaint appears to consist of Plaintiff's characterization of Paragraphs 75 & n.4 and 76 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 63 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.

64.    Deny.

65.    Deny.

66.    Deny.

67.    Deny, except admit that under West Point's Whole Candidate Score formula, a candidate with a CEER score of 554, Community Leader Score of 520, and a Candidate Fitness Assessment of 450 will have a Whole Candidate Score of 5,334.

68.    Deny.

69.    Deny, except admit that the Diversity Outreach Office recommends African American, Hispanic, and Native American candidates for letters of assurance.

70.    Deny.

71.    Deny, except admit that West Point's Superintendent may nominate up to 50 candidates per year, there are no restrictions on his discretion such that he can consider race, and Superintendent nominations are most often used for athletes.

72.    Deny, except admit that the Diversity Outreach Office may recommend African American, Hispanic, and Native American candidates for Superintendent nominations.

73.    Admit.

74.    Deny, except admit that West Point considers race and ethnicity flexibly as a plus factor in its individualized, holistic assessment of candidates considered for offers of appointment as Additional Appointees.

75.    Deny.

76.    The first and third sentences of Paragraph 76 of the Amended Complaint consist of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to Paragraphs 65, 70 and 93 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, for a true and accurate statement of its contents.  To the extent the allegations contained in the first and third sentences of Paragraph 76 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.  The second sentence of Paragraph 76 of the Amended Complaint appears to consist of Plaintiff's characterization of Paragraphs 70 and 93 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in the second sentence of Paragraph 76 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.

77.    Deny, except admit that race can be a non-determinative factor in West Point's admissions process.

78.    Admit.

79.    Deny and aver that West Point does not intend to use race and ethnicity as a factor in admissions indefinitely.

80.    Admit and aver that West Point does not intend to use race and ethnicity as a factor in admissions indefinitely.

81.    Paragraph 81 of the Amended Complaint consists of Plaintiff's legal opinions and conclusions, to which no response is required.  To the extent a response is required, deny.

82.    Paragraph 82 of the Amended Complaint appears to consist of Plaintiff's characterization of Paragraphs 105–110 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 82 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.

83.    Paragraph 83 of the Amended Complaint appears to consist of Plaintiff's characterization of Paragraphs 105–110 of the Declaration of Colonel Deborah J. McDonald, Dkt. No. 53, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  To the extent the allegations contained in Paragraph 83 of the Amended Complaint are inconsistent with the Declaration of Colonel Deborah J. McDonald, Defendants deny them.

84.    Deny.

**III.    West Point's Flawed Justifications for Its Race-Based Admissions Practices**

85.    Admit that West Point does not rely solely on the educational benefits of diversity to defend the constitutionality of its admissions process.  The remainder of Paragraph 85 of the Amended Complaint consists of Plaintiff's legal opinions and conclusions, to which no response

is required; as to allegations consisting of Plaintiff's characterization of statements made by the United States Solicitor General during oral argument in *Students for Fair Admissions, Inc. v. University of North Carolina*, No. 21-707 (U.S.), held on October 31, 2022, Defendants respectfully refer the Court to the transcript of that argument for a complete and accurate statement of its contents.  To the extent the allegations contained in the remainder of Paragraph 85 of the Amended Complaint are inconsistent with that transcript, Defendants deny them.

86.    Paragraph 86 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 86 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

87.    Paragraph 87 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, deny.

88.    Paragraph 88 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 88 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

89. Paragraph 89 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required. To the extent a response is required, deny.

90. Deny.

91. Paragraph 91 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required. To the extent a response is required, deny.

**A. Unit Cohesion and Lethality**

92. Paragraph 92 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 92 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

93. Paragraph 93 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 93 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

94. Paragraph 94 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants'

arguments. To the extent the allegations contained in Paragraph 94 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

95.    Paragraph 95 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 95 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

96.    Paragraph 96 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 96 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

97.    Paragraph 97 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 97 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

98.    Paragraph 98 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions

filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 98 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

**B. Recruitment**

99.    Paragraph 99 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 99 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

100.    Paragraph 100 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 100 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

101.    Paragraph 101 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 101 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

102.    Defendants aver that the Army has failed to meet its recruiting goals in recent years and has created the Future Soldier Prep Course pilot program that helps prospective Soldiers meet

minimum academic and physical standards. Defendants deny the remaining allegations contained in Paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations contained in the first sentence of Paragraph 103 of the Amended Complaint.  As to the remaining allegations contained in Paragraph 103 of the Amended Complaint, Defendants respectfully refer the Court to the transcript of the Congressional hearing on July 19, 2023, for a true and accurate statement of its contents; to the extent the allegations contained in Paragraph 103 of the Amended Complaint are inconsistent with the transcript, Defendants deny them.

### C. Retention

104.    Paragraph 104 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 104 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

105.    Paragraph 105 of the Amended Complaint consists of Plaintiff's characterization of the Government Accountability Office publication, *Military Service Academies: Actions Need to Better Assess Organizational Climate*, GAO-22-105130 (July 2022), to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to that publication for a true and accurate statement of its contents. To the extent the allegations contained in Paragraph 105 of the Amended Complaint are inconsistent with the publication, Defendants deny them.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Amended Complaint and aver that West Point has not asked cadets whether it should use race as a factor in admissions.

107.    Paragraph 107 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 107 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

**D.  Public Legitimacy**

108.    Paragraph 108 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 108 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

109.    Paragraph 109 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 109 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

110.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Amended Complaint because Plaintiff does not identify the basis for its allegations.

111.    Paragraph 111 of the Amended Complaint appears to consist of Plaintiff's characterization of the cited news article, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

112.    Paragraph 112 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegation contained in Paragraph 112 of the Amended Complaint is inconsistent with those submissions, Defendants deny it.

113.    Paragraph 113 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 113 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.  In addition, Paragraph 113 of the Amended Complaint appears to consist of Plaintiff's characterization of a Presidential Committee report, to which Defendants respectfully refer the Court for a true and accurate statement of its contents.

114.    Paragraph 114 of the Amended Complaint consists of Plaintiff's argument and characterization of the parties' purported positions in this action, to which no response is required.

To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 114 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.  In addition, Paragraph 114 of the Amended Complaint appears to consist of Plaintiff's characterization of a Presidential Committee report, to which Defendants respectfully refer the Court for a true and accurate statement of its contents.

### IV.   *SFFA v. Harvard*

115.    Paragraph 115 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 115 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

116.    Paragraph 116 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 116 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

117.    Paragraph 117 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents.

To the extent the allegations contained in Paragraph 117 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

118.    Paragraph 118 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required.   To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 118 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

119.    Paragraph 119 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required.   To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 119 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

120.    Paragraph 120 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required.   To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 120 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

121.    Paragraph 121 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required.   To the extent a response is required, Defendants

respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 121 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

122.    Paragraph 122 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 122 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

123.    Paragraph 123 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 123 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

124.    Paragraph 124 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 124 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

125.    Paragraph 125 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181

(2023), to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 125 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

126. Paragraph 126 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 126 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

127. Paragraph 127 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in Paragraph 127 of the Amended Complaint are inconsistent with that opinion, Defendants deny them.

128. The first sentence of Paragraph 128 of the Amended Complaint consists of Plaintiff's characterization of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. To the extent the allegations contained in the first sentence of Paragraph 128 of the Amended Complaint are inconsistent with that opinion, Defendants deny them. The remainder of Paragraph 128 of the Amended Complaint consists of Plaintiff's legal opinions and

conclusions, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in the remainder of Paragraph 128 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

129.    Defendants deny the allegations contained in the first sentence of Paragraph 129 of the Amended Complaint and aver that West Point maintains a rigorous, holistic merit-based admissions process and continues to consider race and ethnicity flexibly in its individualized, holistic assessment of candidates.  The remaining allegations contained in Paragraph 129 of the Amended Complaint appear to consist of Plaintiff's characterization of press statements and congressional testimony, to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.

## V.    Plaintiff and This Litigation

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Amended Complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Amended Complaint.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Amended Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Amended Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Amended Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Amended Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 136 of the Amended Complaint; deny the allegations contained in the second sentence of Paragraph 136 of the Amended Complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Amended Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Amended Complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Amended Complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Amended Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Amended Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Amended Complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 143 of the Amended Complaint; deny the allegations contained in the second sentence of Paragraph 143 of the Amended Complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Amended Complaint.

145.    Deny.

## CLAIM FOR RELIEF

### COUNT
### Violation of the Fifth Amendment

146.    Defendants incorporate by reference their responses to the preceding Paragraphs as if fully set forth herein.

147.    Paragraph 147 of the Amended Complaint consists of Plaintiff's legal opinions and conclusions, to which no response is required.

148.    Paragraph 148 of the Amended Complaint consists of Plaintiff's legal opinions and conclusions, to which no response is required.

149.    Paragraph 149 of the Amended Complaint consists of Plaintiff's legal opinions and conclusions, to which no response is required.

150.    Paragraph 150 of the Amended Complaint consists of Plaintiff's legal opinions and conclusions, to which no response is required.  To the extent a response is required, deny.

151.    Paragraph 151 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 151 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

152.    Paragraph 152 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the

allegations contained in Paragraph 152 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

153.    Paragraph 153 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 153 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

154.    Paragraph 154 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 154 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

155.    Paragraph 155 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 155 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

156.    Paragraph 156 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023,

Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 156 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

157.    Deny the allegations contained in the first sentence of Paragraph 157 of the Amended Complaint.  The remainder of Paragraph 157 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in the remainder of Paragraph 157 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

158.    Paragraph 158 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 158 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

159.    The first sentence of Paragraph 159 of the Amended Complaint consists of Plaintiff's legal opinions and conclusions, to which no response is required. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 159 of the Amended Complaint.

160.    Paragraph 160 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023,

Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 160 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

161.    Paragraph 161 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 161 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

162.    Paragraph 162 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 162 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

163.    Paragraph 163 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 163 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

164.    Paragraph 164 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is

required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 164 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

165.    Paragraph 165 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 165 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

166.    Paragraph 166 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 166 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

167.    Paragraph 167 of the Amended Complaint consists of Plaintiff's argument and characterization of this action, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the submissions filed on November 22, 2023, Dkt. Nos. 47-53, for a true and accurate statement of Defendants' arguments. To the extent the allegations contained in Paragraph 167 of the Amended Complaint are inconsistent with those submissions, Defendants deny them.

168.    The remaining unnumbered paragraph contains Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, deny that Plaintiff is entitled to the relief that it seeks or to any relief.

## DEFENSES

Except to the extent explicitly admitted or qualified above, Defendants deny each and every allegation of the Amended Complaint.  For further defenses, Defendants allege as follows:

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

Defendants may have additional defenses that are not known at this time but may become known through discovery.  Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the Amended Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: April 26, 2024
      New York, New York

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney for the
                Southern District of New York
                *Attorney for Defendants*

                    */s/ Alyssa B. O'Gallagher*
By: ELLEN BLAIN
                ALYSSA B. O'GALLAGHER
                Assistant United States Attorneys
                86 Chambers Street, 3rd Floor
                New York, New York 10007
                Tel.: (212) 637-2843/22
                Email:    ellen.blain@usdoj.gov
                            alyssa.o'gallagher@usdoj.gov