UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STUDENTS FOR FAIR ADMISSIONS,
*Plaintiff*,

v.

THE UNITED STATES MILITARY
ACADEMY AT WEST POINT, *et al.*,
*Defendants*.

**CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**

No. 7:23-cv-08262 (PMH)

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel and any unrepresented parties, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed and the parties shall file a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (form AO 85) using the ECF Filing Event "Proposed Consent to Jurisdiction by US Magistrate Judge" prior to the Initial Pretrial Conference at which time such scheduled conference will be cancelled.)

2. This case is not to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by 30 days from the date of this Order.

4. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed by July 1, 2024.

5. Fact Discovery

    a. All fact discovery shall be completed by March 5, 2025. (Absent exceptional circumstances, a period not to exceed 120 days from date of this Order.)

    b. Initial requests for production of documents shall be served no earlier than July 30, 2024.

    c. Initial Interrogatories shall be served no earlier than July 30, 2024.

    d. Non-expert depositions shall be completed by March 5, 2025.

    e. Requests to admit shall be served no earlier than February 3, 2025.

1

    f.  Any of the interim deadlines in paragraphs 5(b) through 5(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5(a).

6. Expert Discovery

    a. All expert discovery, including expert depositions, shall be completed by September 8, 2025. (Absent exceptional circumstances, 45 days from date in paragraph 5(a); i.e., the completion of all fact discovery.)

    b. Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by April 16, 2025.

    c. Defendants' expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by May 28, 2025.

    d. Plaintiff's rebuttal expert reports shall be due by June 27, 2025.

    e. Defendants' rebuttal expert reports shall be due by July 28, 2025.

    f. The interim deadlines in paragraphs 6(b), 6(c), 6(d), and 6(e) may be extended by the written consent of all parties without application to the Court, provided that all expert discovery is completed by the date set forth in paragraph 6(a).

7. Additional provisions required by Fed. R. Civ. P. 26(f) and agreed upon by the parties are attached hereto and made a part hereof.

8. ALL DISCOVERY SHALL BE COMPLETED BY September 8, 2025. (Absent exceptional circumstances, this date should align with the close of expert discovery.)

9. The parties shall file a joint letter concerning settlement/mediation by March 19, 2025. (Unless otherwise ordered by the Court, within 14 days after the close of fact discovery).

10.   a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: N/A

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: None.

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case: N/A

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. All motions and applications shall be governed by the Court's Individual Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed.

12. Unless otherwise ordered by the Court, within 30 days after the date for the completion of discovery, or, if a dispositive motion has been filed, within 30 days after a decision on the motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Practices. The parties shall also comply with the Court's Individual Practices with respect to the filing of other required pretrial documents.

13. The parties have conferred and their present best estimate of the length of the trial is 10 days.

14. This Civil Case Discovery Plan and Scheduling Order may not be modified or the dates herein extended without leave of the Court or the assigned Magistrate Judge acting under a specific order of reference (except as provided in paragraphs 5(f) and 6(f) above).

15. The Magistrate Judge assigned to this case is the Honorable Judith C. McCarthy.

16. If, after the entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

17. The next case management conference is scheduled for __10/22/2025__ at __11:30 a.m.__. (The Court will set this date at the initial conference.)

Dated: White Plains, New York
       May 30, 2024

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, *Plaintiff*,<br>v.<br>THE UNITED STATES MILITARY ACADEMY AT WEST POINT, *et al.*, *Defendants*. | **RULE 26(f) PROVISIONS**<br><br>No. 7:23-cv-08262 (PMH) |

The parties have agreed upon the following provisions required by Rule 26(f):

**Protective Order and Clawback Order:** The parties agree that both a protective order and clawback order will be needed in this case and will work cooperatively to submit these orders to the Court by July 30, 2024.

**ESI Protocol:** The parties agree to work cooperatively to develop an ESI protocol to the Court by July 30, 2024.

**Depositions:** The parties agree to 12 depositions per side, not including Rule 26 experts. The parties will work cooperatively to try to ensure that no witness who is also a witness in *Students for Fair Admissions v. United States Naval Academy*, 1:23-cv-02699 (D. Md.) will be deposed more than once between the two cases.

**Written Discovery:** The parties agree to 25 interrogatories, including discrete subparts, per side; 25 requests for production per side; 25 requests for admission per side, including discrete subparts.