UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES MILITARY ACADEMY AT WEST POINT; CHRISTINE WORMUTH, in her official capacity as Secretary of the Army; LIEUTENANT GENERAL STEVEN GILLAND, in his official capacity as Superintendent of the United States Military Academy; and LIEUTENANT COLONEL RANCE LEE, in his official capacity as Director of Admissions for the United States Military Academy at West Point, <br><br> Defendants. | No. 23 Civ. 8262 (PMH) |

## STIPULATED CLAWBACK AGREEMENT AND FEDERAL RULE OF EVIDENCE 502(d) ORDER

The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from

withholding from production any document covered by any applicable privilege or other protection.

The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

## I. DEFINITIONS

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

## II. PROCEDURES

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1. If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and must then return the document or destroy it and certify that it has been destroyed to the producing party. The receiving party must also promptly identify, sequester, and destroy any notes taken about the document. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2.  If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall give the receiving party notice of the claim of privilege ("privilege notice").

3.  The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4.  Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed. The receiving party must sequester and destroy any notes taken about the document. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5.  Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party. The document(s) shall be sequestered immediately upon receiving the privilege notice and not be used by the receiving party in the litigation (e.g. filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

6.  Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The

receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

7. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

IT IS SO ORDERED.

Dated:

_____
PHILIP M. HALPERN
United States District Judge

Dated: July 30, 2024

/s/ *Patrick Strawbridge*
Thomas R. McCarthy*
Patrick Strawbridge*
J. Michael Connolly*
Bryan K. Weir*
Cameron T. Norris
James F. Hasson*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
patrick@consovoymccarthy.com
mike@consovoymccarthy.com
bryan@consovoymccarthy.com
cam@consovoymccarthy.com
james@consovoymccarthy.com

*pro hac vice

*Counsel for Plaintiff*

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

*/s/ Ellen Blain*
ELLEN BLAIN
REBECCA S. TINIO
CHRISTOPHER K. CONNOLLY
ALYSSA B. O'GALLAGHER
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2843/2774/2761/2822
Email: ellen.blain@usdoj.gov
          rebecca.tinio@usdoj.gov
          christopher.connolly@usdoj.gov
          alyssa.o'gallagher@usdoj.gov

*Counsel for Defendants*