

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 20, 2025

**By ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *Students for Fair Admissions v. United States Military Academy at West Point, et al.*, No. 23 Civ. 8262 (PMH)

Dear Judge Halpern:

    Defendants the United States Military Academy at West Point; Mark Averill, Acting Secretary of the Army[1]; Lieutenant General Steven Gilland, Superintendent of West Point; and Lieutenant Colonel Rance Lee, Director of Admissions for West Point (together, "Defendants" or the "Government") write respectfully pursuant to Rule 2.C of the Court's Individual Practices in Civil Cases to request a pre-motion conference prior to the Government's anticipated filing of a motion to stay this case for a period of 90 days to allow the Government time to determine the impact of recent Executive Orders ("EOs") and agency policy memoranda on its position in this case. Plaintiff opposes this request.

    As the Court is aware, this case concerns Plaintiff's claim that "West Point's use of racial classifications in admissions violates the Fifth Amendment." Am. Compl. (ECF No. 87) ¶ 167. In the past month, President Donald J. Trump and the Department of Defense ("DoD") have issued several EOs and policy memoranda that bear on Plaintiff's claim and on the Government's position in this case. On January 21, 2025, President Trump issued EO 14173, *Ending Illegal*

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Mark Averill is automatically substituted for former Secretary of the Army Christine Wormuth as a defendant in this action.

*Discrimination and Restoring Merit-Based Opportunity,* 90 Fed. Reg. 8633 (Jan. 21, 2025), which declared that it "is the policy of the United States to protect the civil rights of all Americans and to promote individual initiative, excellence, and hard work" and "order[ed] all executive departments and agencies . . . to terminate all discriminatory and illegal preferences, mandates, policies, programs, activities, guidance, regulations, enforcement actions, consent orders, and requirements." *Id.* On January 27, 2025, President Trump issued EO 14185, *Restoring America's Fighting Force*, 90 Fed. Reg. 8763 (Jan. 27, 2025), which stated that it is "the policy of [his] Administration that the Department of Defense, the Department of Homeland Security with regard to the United States Coast Guard (USCG), and every element of the Armed Forces should operate free from any preference based on race or sex." *Id.* On January 29, 2025, Secretary of Defense Peter B. Hegseth issued a memorandum pursuant to EO 14185 prohibiting any DoD component from, among other things, "establish[ing] sex-based, race-based, or ethnicity-based goals for organizational composition, *academic admission*, or career fields." Peter B. Hegseth, Memorandum for Senior Pentagon Leadership, Commanders of the Combatant Commands, Defense Agency and DOD Field Activity Directors re: Restoring America's Fighting Force (Jan. 29, 2025), https://media.defense.gov/2025/Jan/29/2003634987/-1/-1/1/RESTORING-AMERICAS-FIGHTING-FORCE.PDF (emphasis added).

As reported in the media, West Point leadership has already taken actions in an effort to comply with these directives. *See, e.g.*, *A dozen West Point cadet clubs to disband, others paused*, THE HILL, Feb. 5, 2025, https://thehill.com/policy/defense/5129386-west-point-cadet-clubs-ordered-disband/. To date, West Point has not announced changes to its admissions policy. But given the relationship between the subject-matter of these directives and this litigation, the Government requires time to determine how the foregoing EOs and policy memorandum will be

implemented at West Point—a DoD component—and, to the extent any changes are made to West Point's admissions policy pursuant to this guidance, how such changes will bear on this litigation.

The Government also requests a pre-motion conference, and anticipates requesting a stay, owing to a Department of Justice policy memorandum, Eliminating Internal Discriminatory Practices, issued by Attorney General Pam Bondi on February 5, 2025.  *Available at* https://www.justice.gov/ag/media/1388556/dl.  Among other things, that memorandum requires review of DOJ "materials," including "litigating positions," and makes clear that there "is no place in these materials for race- or sex-based preferences."  In announcing these policies, the memorandum cites to the Supreme Court's decision in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181 (2023), which held the consideration of race in admissions at civilian schools to be unconstitutional.  Accordingly, this Office is in the process of seeking guidance to determine whether it may continue to litigate this matter, including conducting fact discovery, consistent with Department policy.

For these reasons, we respectfully request that the Court stay this case for a period of 90 days "pursuant to its inherent authority."  *Jiminez v. Credit One Bank, N.A.*, 377 F. Supp. 3d 324, 336 (S.D.N.Y. 2019).  All of the factors courts typically consider in determining whether to exercise their discretion to grant a stay weigh in favor of entering one here.  *See id.* (courts should consider "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil ligation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest" (quotation marks omitted)).  The Government, the Court, and the public will all benefit from a stay that allows the Government a limited period to determine West Point's admissions policy going forward, rather than proceeding with a

litigation seeking a forward-looking injunction of a potentially altered or rescinded policy. *See, e.g.*, *Botello et al. v. United States*, No. 23-174 (Court of Federal Claims), ECF No. 47 (Feb. 19, 2025) (granting opposed motion to stay proceedings "while the Department of Defense determines how to implement the Executive Order pertaining to the reinstatement of service members discharged under the military's COVID-19 vaccination mandate"). Likewise, "a short stay will not prejudice plaintiff." *See McCrary v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 23 Civ. 10768 (VM), 2024 WL 5315308, at *1 (S.D.N.Y. Dec. 16, 2024).

For the foregoing reasons, the Government respectfully requests a pre-motion conference to address its anticipated motion to stay this case for 90 days. Because fact discovery is currently set to close on March 5, 2025 (ECF No. 103), the Government also respectfully requests a stay of remaining discovery deadlines while the Court considers the Government's application.

We thank the Court for its consideration of this letter.

        Respectfully submitted,

        MATTHEW PODOLSKY
        Acting United States Attorney for the
        Southern District of New York

By:   */s/ Christopher K. Connolly*
       REBECCA S. TINIO
       CHRISTOPHER K. CONNOLLY
       ALYSSA B. O'GALLAGHER
       Assistant United States Attorneys
       Tel.:  (212) 637-2774/2761/2822
       Email: rebecca.tinio@usdoj.gov
             christopher.connolly@usdoj.gov
             alyssa.o'gallagher@usdoj.gov

cc: Plaintiff's counsel (by ECF)