

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

February 24, 2025

**By ECF**
The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *Students for Fair Admissions v. United States Military Academy at West Point*,
      No. 23 Civ. 8262 (PMH)

SFFA will oppose the forthcoming motion to stay that Defendants disclosed in their February 20, 2025, letter. As explained in greater detail below, a stay is not warranted because the government *might* change a policy at some point in the future, and the government concedes that the challenged policy is in effect *right now* during the current West Point admissions cycle. SFFA does not oppose a limited extension of the discovery deadlines—not to let Defendants think more about their existing policy, but to offset the prejudice caused by Defendants' refusal to produce any documents in this case for the past eight weeks other than a single data dictionary, despite repeated requests and the rapidly approaching close of fact discovery. But SFFA respectfully submits that any order extending the discovery deadline should include an order requiring Defendants to fulfill the discovery obligations that they have been ignoring for months.

SFFA's reasons for opposing a general suspension of this case are twofold:

*First,* West Point *has not* announced changes to its admissions policy. *See* USMA February 20, 2025, Letter at 2. The Academy is continuing to use racial preferences today, during the peak of the current admissions cycle. There is thus no basis to stay this case and put the Plaintiff's important civil-rights claims on ice. Defendants have not committed to ceasing the Academy's use of race in the future, nor have they said when they will announce their decision about

the policy's future. Stays are not intended for Plaintiffs seeking extra time to decide whether to cease or continue their challenged conduct. *See, e.g.*, Dkt. 89 at 3, Dkt. 98, *Karnowski v. Trump*, No. 17-cv-01297-MJP (W.D. Wash. 2017) (denying DoD's motion for a stay "while policy concerning service by transgender persons is under review").

Adding to the uncertainty, Defendants do not explain how the various orders and memoranda cited in their letter meaningfully differ from the Department's pre-existing policies on racial discrimination. For instance, the DoD's official nondiscrimination policy, which was adopted during President Trump's first term, requires "that Service members are treated with dignity and respect and are afforded equal opportunity in an environment free from prohibited discrimination on the basis of race, color, [or] national origin." Department of Defense Instruction 1350.02, "DoD Military Equal Opportunity Program," 4 (September 4, 2020); *see also* Department of Defense Directive 1020.02E (revised June 1, 2018) (similar). The ban on discrimination in DoD Instruction 1350.02 is strikingly similar to the prohibitory language quoted in Defendants' letter, *compare id.* at 2, *with* 90 Fed. Reg. 8633 at Sec. 2, but Defendants never interpreted the language in Instruction 1350.02 to forbid their race-based admissions policy. It is no answer to note the change in presidential administration; the Academy has repeatedly justified its policy *in this very case* based on DoD documents from President Trump's first term. *See, e.g.*, Tr. 38:4-9 (quoting memorandum from former Secretary of Defense Mark Esper); Dkt. 49 at 7-8 (same); Dkt. 47 at 27-28 (quoting similar DoD memorandum from 2020).

In short, Defendants wave at many orders they claim *might* change something in the future but then concede that the Academy itself has changed nothing. The policy permitting the use of race in admissions at West Point thus remains in full effect today. That alone renders Defendants' forthcoming motion baseless.

**Second,** staying discovery now would be inconsistent with the Court's instructions to the parties during the scheduling conference, and would reward Defendants for months of

noncompliance with their discovery obligations. This Court has noted the need for a full and complete record in this case. *See* Dkt. 78 at 18, 22. But SFFA's attempts to develop such a record have been repeatedly frustrated by Defendants' refusal to participate. Despite serving 14 Requests for Production, and additional follow-up requests, SFFA has received only two productions from Defendants: a set of fifty documents produced on December 6, 2024, that contained high-level admissions instructions and basic job descriptions of individual admissions officers; and a database of individualized admissions data listing demographics and qualifications of students who applied to the Academy during the discovery period. Despite repeated requests, Defendants have not disclosed any email or other documents reflecting the actual implementation of its race-conscious admissions policy. And they have declined to answer interrogatories by referring to upcoming document disclosures that they have declined to produce.

None of this is for a lack of trying on SFFA's part. For example, SFFA requested individualized admissions data from Defendants on August 8, 2024, but Defendants did not produce it until December 30. Similarly, SFFA sent Defendants proposed lists of custodians and search terms on January 14, 2025. Defendants acknowledged receipt on January 15 and promised to confer with their clients. As of today, however, despite several follow-up requests, Defendants still have not provided their position on SFFA's proposals, let alone any of the requested discovery. Even simple requests—like a February 7, 2025, request for a full PDF of the application for admission to the Academy—remain unfulfilled. Continuing this pattern, SFFA has not yet received a significant portion of the potentially responsive documents to its subpoena to the U.S. Coast Guard Academy for information about USCGA's use of race-neutral alternatives. Defendants assumed responsibility for USCGA's compliance with that subpoena

February 24, 2025<br>Page 4

and committed to "look into that issue," but again have not followed through on that commitment.[*]

Accordingly, SFFA was surprised by Defendants' expression of concern about the upcoming discovery deadline in their letter, but unsurprised by Defendants' request to suspend their obligations. The parties and Court were clear last year that the scheduling order entered last year was not intended to be a placeholder. But Defendants' refusal to timely produce or respond to the large majority of discovery requests in this case underscores why the Court should reject the government's request for further delay. This is especially true since there has not been any actual change of policy at West Point.

*   *   *

For all these reasons, SFFA respectfully asks the Court to deny Defendants' motion to stay this case and to enter an order that extends the discovery period by ninety days and requires Defendants to comply with their discovery obligations.

Respectfully submitted,

*/s/ Thomas R. McCarthy*<br>
Counsel for Students for Fair Admissions<br>
tom@consovoymccarthy.com

---

[*] SFFA is available to provide documentary evidence of these communications before the upcoming conference, should the Court request.